IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY KING & KATHERINE CAIN on behalf of themselves and similarly situated employees, | |
| Plaintiffs | Collective Action |
| v. | Case No.: 18-314 |
| COTTON BAYOU MARINA, INC., GULF SHORES TACKY JACK'S, LLC, & GEORGE W. SKIPPER D/B/A TACKY JACKS | Jury Demand |
| Defendants | |

## COLLECTIVE ACTION COMPLAINT
## PURSUANT TO 29 U.S.C. §29 U.S.C. 216(b)

Plaintiff Nancy King (hereinafter "King" or "Plaintiff King") and Plaintiff Katherine Cain (hereinafter "Cain" or "Plaintiff Cain")(collectively hereinafter "Plaintiffs")file this Collective Action Complaint pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act (hereinafter "FLSA" or "Act"), on behalf of themselves and all other similarly situated employees, against Gulf Shores Tacky Jack's LLC, (hereinafter "Defendant GS Tacky Jack's") , Cotton Bayou Marina, Inc. (hereinafter "Defendant Cotton Bayou") and George W. Skipper III (hereinafter "Defendant Skipper") operating under the Tacky Jacks restaurant banner(collectively "Defendant" or "Tacky Jacks").

### I. JURISDICTION AND PARTIES

1. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of Defendants pursuant to the FLSA's collective action provision found in at 29 U.S.C. §216(b).

1

2. Plaintiffs seek to recover unpaid and underpaid minimum wages, overtime pay, including the repayment of misappropriated tips, plus an equal amount of liquidated damages, attorneys' fees and costs, as well as other legal or equitable relief to which she and other all other similarly situated employees who join this action are entitled under the FLSA.

3. Pursuant to 29 U.S.C. §216(b) Plaintiff King and Plaintiff Cain submit in writing their consent to become party plaintiffs. (Exhibit 1: King Consent; Exhibit 2: Cain Consent[1]).

4. Pursuant to 28 U.S.C. §1331 the United States District Court for the Southern District of Alabama has original jurisdiction over this civil action arising under the federal FLSA.

5. Pursuant to 28 U.S.C. §1339 the United States District Court for the Southern District of Alabama is the proper venue for this civil action. Defendants' principal place of business is in the district and Defendants are subject to the court's personal jurisdiction. A substantial part of the events or omissions giving rise to the claims arose in the judicial district. Plaintiffs reside in the judicial district.

6. Defendants maintain three restaurant locations at the following physical addresses: (a) 27206 Safe Harbor Drive, Orange Beach, Alabama 36561 (hereinafter "Orange Beach"); (b) 240 E. 24th Avenue, Gulf Shores, Alabama 36542 (hereinafter "Gulf Shores 1"); (c) 1577 AL-180, Gulf Shores, Alabama 36542 (hereinafter "Gulf Shores 2")(hereinafter collectively "Tacky Jacks' Locations").

7. At all times material to this action, Defendants operated through unified operation and common control as an enterprise for a common business purpose, including all activities performed by corporate organizational units as defined by 29 U.S.C. §203(r) of the FLSA.[1]

---

[1] Exhibit 2 Katherine Cain was recently married and is now Katherine Cain Guy.

8. At all times material to this action, Defendants operated as an enterprise engaged in commerce or in the production of goods for commerce as defined by 28 U.S.C. §203(s)(1) of the FLSA and each location has an annual gross volume of sales exceeding $500,000.00 per year.

9. At all times material to this action, Defendants were an "employer" as defined by 29 U.S.C. 203(d) of the FLSA of Plaintiffs and all other similarly situated employees who worked at Tacky Jacks' Locations.

10. At all times material to this action, Plaintiffs and all similarly situated employees who worked at Tacky Jacks' Locations were employed – suffering and permitting work – by Defendants as defined by 28 U.S.C. §203(g).

**II. FACTS**

11. Defendant Skipper has ownership interest in Tacky Jacks' Locations.

12. Defendant Skipper is listed as the registered agent and President of Cotton Bayou Marina, Inc. (Exhibit 3– Alabama Secretary of State 2017 Annual Report).

13. Defendant Skipper is listed as the registered and sole member of Defendant GS Tacky Jack's. (Exhibit 4 – Alabama Secretary of State Business Entity Record).

14. Defendant Skipper has authority and control over Tacky Jacks' Locations including timekeeping and payroll practices.

15. Plaintiff King was employed at Defendants' Orange Beach restaurant as server and bartender.

16. Plaintiff King was paid a direct hourly wage less than $7.25 per hour for hours recorded and worked when working as a server and bartender.

17. Plaintiff King was paid a directly overtime hourly rate for hours over forty hours per week based on Defendants' claiming a tip credit greater than $5.12 per hour. (Exhibit 5: King Paystub for Start Period 11.13.2017 End Period 11.26.2017).

18. Plaintiff Cain was employed at Defendants' Orange Beach location as a server.

19. Plaintiff Cain was paid a direct hourly wage less than $7.25 per hour for hours recorded and worked.

20. Plaintiff Cain was paid a directly hourly wage for hours over forty hours per week based on Defendants' claiming a tip credit greater than $5.12 per hour. (Exhibit 6: Weekly Wages and Hours Report for Start Period 12/12/2014 End Period 12/27/2014).

21. Defendants' Tacky Jacks' Locations offer the same basic menu of food and drinks to the customers and only slightly vary by location and seasonal availability.

22. Tacky Jacks employs servers at each of the Tacky Jacks' Locations to greet customers, take order, serve food and beverages, process payments, and perform nearly identical job duties.

23. Defendants use a time clock system to track employees' "IN" and "OUT" times. *See*, *e.g.*, Exhibit 7.

24. Defendants use a payroll system including columns titled: (A) "Earning Code"; (B) "Earning "Rate"; and (C) "Earnings Amount" for each employee during a pay period. *See*, *e.g.*, Exhibit 5.

25. Defendants' payroll system includes various "Earning Code(s)" with corresponding "Earning Rate(s)" falling below the federal minimum wage rate of $7.25 per hour for hours worked under forty hours per week.

26. Defendants' payroll system includes various "Earning Code(s)" with corresponding "Earning Rate(s)" falling below the proper overtime rate of time and half the minimum wage for hours worked over forty per week. *See, e.g.* Exhibits 5 & 6.

27. Defendants multiply the regular "Earning Rate" by one half times to determine the overtime rate for employees.

28. Defendants' payroll system improperly calculated the overtime rate for employees working over forty hours per week by improperly claiming a tip credit exceeding the maximum permitted under the FLSA.

29. Defendants' payroll practice, policy, and procedure results in employees being underpaid in pay periods where they worked more than forty hours per week.

30. Defendants' payroll practice, policy, and procedure invalidate Defendants' claim and use of a tip credit.

31. As a result of Defendants' illegal payroll policies, practices and procedures, Plaintiffs, and all other similarly situated employees were underpaid.

32. Defendants' failure to comply with the legal pre-requisites for claiming a tip credit results in their inability to claim the tip credit for Plaintiffs and all other similarly situated employees.

33. Defendants' use of an improper tip credit was based on common policies, practices and procedures and applied to all of its employees for whom Defendants claimed a tip credit.

34. Defendants' timekeeping and payroll practices also failed to track and pay Plaintiffs, and all other similarly situated employees, for time spent performing non-tip producing work that exceeded twenty percent (20%) of their work time.

35. Defendants paid Plaintiffs, and all similarly situated employees, a tipped hourly rate for all hours recorded and worked regardless of their activity during discrete periods of the day when they were not serving customers.

36. Defendants claimed a tip credit for Plaintiffs, and all similarly situated employees, for activities prior to serving their first customer and after they finished their last customer even when those periods of times exceeded twenty percent (20%) of their work time.

37. Plaintiff King performed non-tip generating work before she could serve customers and after she finished serving customers that exceeded twenty percent (20%) of her work time.

38. Plaintiff Cain Performed non-tip generating work before she could serve customers and after she finished serving customers that exceeded twenty percent (20%) of her work time.

39. Plaintiffs were required to go through the tip-out administration process at the end of their shift.

40. Defendants shifted its business expenses to its tipped employees, and in doing so violated the tip credit and reduced its minimum wage workers' wages below the statutory minimum. Plaintiff King was required to purchase pants, shoes, pens, and other tools of the trade without reimbursement by Defendants.

41. Plaintiff Cain was required to purchase pants, shoes, pens, and other tools of the trade without reimbursement by Defendants.

42. Defendants required its tipped employees to purchase or provide uniforms and other tools of the trade, the expense of which reduced their wages below the statutory minimum.

43. Plaintiff King worked as a bartender and during her shift managers for Defendants would take any money in excess of the amount that started in the cash register, including money that was left by customers as tips.

44. Plaintiff King observed Defendants' managers alter employee time records so that less hours were reported for payroll purposes.

### III.    FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs incorporate all preceding paragraphs as if restated here.

46. Upon information and belief, Defendants have intentionally failed and/or refused to pay Plaintiffs, and all other similarly situated employees according to the minimum wage, overtime, and tip credit provisions of the FLSA.

47. Defendants' actions in failing to compensate Plaintiffs, and all similarly situated employees, in accordance with the provisions of the Act were willful such that a three-year statute of limitations should apply in this action.

48. Defendants' practice, policy, and procedure of claiming a tip credit (difference between the federally mandated minimum wage of $7.25 and the cash hourly rate it paid employees) did not comply with the strict requirements provided under 29 U.S.C. §203(m) of the FLSA.

49. Defendants' practice, policy, and procedure of claiming an excessive tip credit for overtime hours violates the Act.

50. Defendants' practice, policy and procedure for claiming a tip credit for all hours worked, including hours in excess of twenty percent (20%) of their worktime violates the Act.

51. Defendants' policies, practices and procedures of shifting expenses for business expenses, including uniforms and tools of the trade, violates the minimum wage and tip credit provisions of the FLSA.

52. Defendants' timekeeping and payroll practices are common to Plaintiffs and the putative class they seeks to represent in this action.

53. Plaintiffs, and all similarly situated employees in the putative class, are entitled to minimum wage for all hours worked under forty hours in a week, including the repayment of any of their employers' business expenses absorbed by them.

54. Plaintiffs, and all similarly situated employees in the putative class, are entitled to overtime compensation for all hours worked over forty hours in a week.

55. Plaintiffs, and all similarly situated employees in the putative class, are entitled to an amount equal to the unpaid wages and overtime compensation as liquidated damages under the Act.

56. Plaintiffs, and all similarly situated employees in the putative class, are entitled to obtain reasonable attorneys' fees and costs for vindicating their rights under the Act.

57. Employees similarly situated to Plaintiff are known to Defendants and are readily identifiable from Defendants' timekeeping and payroll records.

58. Consistent with Congress' humanitarian, remedial, and anticompetitive policy objectives Plaintiffs, the putative class, law-biding competitors, and the public at large will benefit from this Court supervising the issuance of the Notice of Collective Action to putative class members in this action.

59. Notifying putative class members of the pendency of this action is integral to the tolling of statute of limitations for putative class members who were victims of the same common illegal policy, practice, and procedure whose statute is running until a consent is filed with a Court.

60. Timely notice benefits the putative class and the public interest in ensuring compliance with the FLSA.

61. Therefore, this Court should approve notice to the putative class.

**IV.     PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs, on behalf of herself and all other similarly situated employees, prays for the following relief:

1. that process issue against Defendants and that Defendants be required to Answer the complaint filed in this action within the time period provided by applicable and the Federal Rules of Civil procedure;

2. the Court enter an order requiring Defendants to identify all current and former employees who that were subject to the tip credit from July 3, 2015 through the present by providing Plaintiffs' counsel with a Microsoft Excel Sheet including the following information in separate columns:
    a. Last name;
    b. First name;
    c. mailing address(es);
    d. telephone number;
    e. e-mail address(es); and
    f. last four digits of their social security number;

3. the Court enter an order permitting Plaintiffs to issue notice of this collective action to all putative class members;

4. the Court enter an order permitting former and current employees the opportunity to join this civil action as party plaintiffs by filing their written consents with the Court pursuant to 29 U.S.C. §216(b) within ninety (90) days of the notice being issued;

5. the Court enter an order requiring Defendant to produce all time and payroll records for individuals' filing written consents with the Court, within thirty (30) business days of their filing to counsel for Plaintiffs;

6. the Court enter an order requiring Defendant to pay plaintiffs' attorneys' fees and costs in this action;

7. that Plaintiffs and putative class members who join this action be granted such other, further and general relief to which they may show themselves entitled; and,

8. that a jury be impaneled to hear this civil action at trial;

**VI. JURY DEMAND**

THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

    Respectfully submitted,

**/s/ Daniel E. Arciniegas**
Charles P. Yezbak, III*
YEZBAK LAW OFFICES
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Telephone: 615-250-2000
Fax: 615-250-2020
yezbak@yezbaklaw.com
Counsel for Plaintiff

*Pro Hac Vice Motion Incoming