# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| NANCY KING, et al., etc., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 18-0314-WS-B |
| | ) |
| COTTON BAYOU MARINA, INC., et al.,) | |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the parties' joint motion to approve settlement. (Doc. 63). The parties have submitted their settlement agreement under seal, (Doc. 64),[1] which the Court has reviewed along with the parties' motion.

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well

---

[1] The parties' joint motion for leave to file the settlement agreement under seal, (Doc. 62), is **granted**. The parties' motion, along with the final judgment anticipated by the Court, provide sufficient information regarding the settlement of the FLSA claim to satisfy the confidentiality concerns expressed in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 at *5 (S.D. Ala. 2013), and the settlement agreement includes resolution of an unfiled but threatened non-FLSA claim as to which there is no parallel public interest in disclosure, given that settlement of the non-FLSA claim was reached independently, following settlement of the FLSA claim. (Doc. 63 at 2-3).

as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"). The parties' motion is brought in light of *Lynn's* and *Nall*.

Upon review of the complaint, the motion and other relevant documents in the file, the Court is satisfied that the settlement is fair and reasonable under the governing standards. The Court also notes that the concerns articulated in *Crabtree v. Volkert, Inc*., 2013 WL 593500 (S.D. Ala. 2013), are absent here.

The parties request the Court to retain jurisdiction pending the transfer of settlement funds. (Doc. 63 at 11). The Court ordinarily does not retain jurisdiction for such a purpose. However, because the parties have yet to resolve the issue of attorney's fees, and because the transfer of funds is to occur within a week of the entry of this order, the Court consents to such a retention of jurisdiction for a limited period of 28 days following entry of this order. Any motion to enforce settlement, or to award attorney's fees and costs, not filed by that date will not be considered.

For the reasons set forth above, the joint motion to approve settlement is **granted**, and the settlement of the FLSA claim is **approved**. Judgment shall be entered accordingly by separate order.

The parties' proposed stipulated judgment, (Doc. 63-2), however, is not approved. The proposed judgment does not set forth the amount of the judgment on the FLSA claim in favor of any named plaintiff or opt-in plaintiff; instead, it refers the reader to the settlement agreement, which does set forth these amounts, at least if one performs certain mathematical calculations. The parties have provided no authority or rationale for the proposition that a money judgment can be entered without setting forth the amounts of money awarded, especially when the only document setting forth those amounts is sealed and thus inaccessible to the public or to any court where the judgment might be registered and enforced. Nor have they explained how the public interest concerns addressed in *Crabtree*,

2013 WL 593500 at *5, can be satisfied if "the specific amounts for which [the plaintiffs] settled their [FLSA] claims" is not disclosed. The parties are thus **ordered** to file, on or before **November 5, 2019**, either an amended proposed stipulated judgment or a supplemental brief demonstrating the propriety of the present proposed stipulated judgment.

DONE and ORDERED this 29th day of October, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE