# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NANCY KING, et al., etc., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0314-WS-B |
| | ) |
| COTTON BAYOU MARINA, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

By previous order, (Doc. 65), the Court granted the parties' joint motion to approve settlement of the FLSA claims but disapproved of the proposed stipulated judgment. As the Court explained:

> The proposed judgment does not set forth the amount of the judgment on the FLSA claim in favor of any named plaintiff or opt-in plaintiff; instead, it refers the reader to the settlement agreement, which does set forth these amounts, at least if one performs certain mathematical calculations. The parties have provided no authority or rationale for the proposition that a money judgment can be entered without setting forth the amounts of money awarded, especially when the only document setting forth those amounts is sealed and thus inaccessible to the public or to any court where the judgment might be registered and enforced. Nor have they explained how the public interest concerns addressed in *Crabtree*, 2013 WL 593500 at *5, can be satisfied if "the specific amounts for which [the plaintiffs] settled their [FLSA] claims" is not disclosed.

(*Id*. at 2-3). The Court accordingly ordered to parties to file either an amended proposed stipulated judgment or a supplemental brief demonstrating the propriety of the original proposed stipulated judgment.

The parties chose the former approach, but their amended proposed stipulated judgment, (Doc. 66), does not respond to the Court's concerns. First, the proposed judgment does not set forth the amount of the judgment as to any

named or opt-in plaintiff; instead, it attaches an appendix which, if certain mathematical calculations are performed, yields those individual settlement amounts. Second, the parties have filed the amended proposed stipulated judgment under seal, despite neither following the correct protocol[1] nor explaining why sealing is appropriate.[2]

Courts within the Eleventh Circuit routinely conclude that sealing a settlement agreement or judgment in an FLSA case is improper absent sufficiently compelling justification.[3] For substantially similar reasons, the Court joins their number. The parties having suggested no compelling (or any) justification for sealing the judgment, the Court adheres to the general rule.

Accordingly, the Clerk is directed to remove the seal from the amended proposed stipulated judgment at Document 66. Judgment shall be entered by separate order in the individual amounts identified in the appendix.

---

[1] No material may be filed under seal without an accompanying unsealed motion to seal. General Local Rule 5.2(b)(2).

[2] In contrast, the parties properly requested permission to file their settlement agreement under seal, on the grounds that "it involves consideration of Plaintiffs' potential non-FLSA claim" and that "[t]he Parties' interest in preserving the confidentiality of non-FLSA claim terms outweighs any public interest in accessing the same." (Doc. 62 at 2-3). The Court permitted filing under seal on this basis, and on the assumption the motion to approve settlement, along with the anticipated judgment, would satisfy the law's concerns over confidentiality. (Doc. 65 at 1 n.1). The parties did not assert that the amounts agreed to in settlement of the FLSA claims should be sealed; on the contrary, the parties placed on the public record the total amount of the FLSA settlement. (Doc. 63 at 7).

[3] *E.g., Guerra v. Flores*, 139 F. Supp. 3d 1288, 1292-93 (N.D. Ala. 2015) (Hopkins, D.J.); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) (Merryday, D.J.); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003); *Eigenberger v. Tokyo Statesboro Ga, LLC*, 2018 WL 2065942 at *2 (S.D. Ga. 2018); *Wade v. Rowan Cabinet Co.*, 2015 WL 12859399 at *1 (N.D. Ga. 2015); *McPherson v. PCI Security, Inc.*, 2014 WL 12625456 at *2-3 (M.D. Fla. 2014) (Smith, M.J.); *Perez v. In-Rel Properties*, 2014 WL 12613285 at *1 (S.D. Fla. 2014); *Beard v. Dolgencorp, L.L.C.*, 2013 WL 12253571 at *2-3 (N.D. Ala. 2013) (Blackburn, C.J.); *Nichols v. Dollar Tree Stores, Inc.*, 2013 WL 5933991 at *1 (M.D. Ga. 2013); *Bright v. Mental Health Resource Center, Inc.*, 2012 WL 868804 at *3 & n.7 (M.D. Fla. 2012).

Three opt-in plaintiffs – Candice Spain, Magen Stringer and Joseph Kees – receive nothing under the parties' settlement of the FLSA claims. The parties have not asked that judgment be entered against these individuals on the FLSA claims, nor have they identified any other way their FLSA claims may be resolved. They are **ordered** to file, on or before **November 14, 2019**, whatever motion or other filing they deem appropriate to bring these individuals' FLSA claims to a conclusion.

DONE and ORDERED this 7th day of November, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
